**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:19-cv-21552-SCOLA/TORRES**

DOUGLAS WEISS, on behalf of himself and
all others similarly  situated,

        Plaintiff,

   v.

GENERAL  MOTORS LLC

        Defendant.

_____

**<u>DEFENDANT GENERAL MOTORS LLC'S MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

INTRODUCTION..................................................................................................................1

RELEVANT BACKGROUND..............................................................................................2

LEGAL STANDARD ...........................................................................................................3

ARGUMENT .........................................................................................................................3

I.   PLAINTIFF LACKS STANDING TO SUE ON BEHALF OF CONSUMERS WHO
     PURCHASED DIFFERENT VEHICLES ..........................................................................3

II.  PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM FAILS AS A
     MATTER OF LAW..........................................................................................................6

     A.  Plaintiff Lacks Privity with GM ....................................................................................6

     B.  Plaintiff Has Not Alleged Facts Demonstrating That His Vehicle Was
         Unmerchantable at the Time of Sale ...............................................................................6

III. PLAINTIFF'S BREACH OF EXPRESS WARRANTY CLAIM FAILS AS A
     MATTER OF LAW..........................................................................................................7

     A.  The Vibration Plaintiff Claims He Experienced Is Not Within the Scope of Any
         Written Warranty ..........................................................................................................7

     B.  Plaintiff Has Not Alleged That His Vehicle Was Within the Time and Mileage
         Limitations of the Limited Warranty When He First Reported the "Chevy Shake"
         to a Dealer ....................................................................................................................9

IV.  PLAINTIFF'S CLAIM FOR VIOLATION OF THE MMWA FAILS AS A MATTER OF
     LAW...............................................................................................................................10

V.   PLAINTIFF'S CLAIM FOR VIOLATIONS OF THE FLORIDA DECEPTIVE AND
     UNFAIR TRADE PRACTICES ACT ("FDUTPA") FAILS AS A MATTER OF LAW......10

     A.  Plaintiff's Complaint Does Not Satisfy the Heightened Pleading Standard of
         Rule 9(b)......................................................................................................................10

     B.  Plaintiff Has Not Alleged that GM Knew of the Alleged Defect at the Time of
         Purchase ......................................................................................................................11

VI.  PLAINTIFF'S REQUEST FOR INJUNCTIVE OR OTHER EQUITABLE
     RELIEF FAILS ..............................................................................................................12

VII. THE NATIONWIDE CLASS CLAIMS SHOULD BE DISMISSED FOR VARIOUS
     REASONS ......................................................................................................................14

A. Plaintiff Lacks Standing to Pursue Relief on Behalf of Out-of-State Class Members...................................................................................................................14

B. The Court Lacks Personal Jurisdiction Over the Claims of the Non-Florida Absent Class Members.............................................................................................................15

C. Plaintiff Cannot Pursue a MMWA Claim on Behalf of a Class......................................18

CONCLUSION.................................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alban v. BMW of N. Am., LLC*,
No. 09-5398 (DRD), 2011 WL 900114 (D.N.J. Mar. 15, 2011) ..........................................11

*Am. Honda Motor Co. v. Super. Ct.*,
199 Cal. App. 4th 1367 (2011) ...................................................................................12

*Ambrosia Coal & Const. Co. v. Pages Morales*,
482 F.3d 1309 (11th Cir. 2007) .............................................................................3, 10

*Amin v. Mercedes-Benz USA, LLC*,
301 F. Supp. 3d 1277 (N.D. Ga. 2018)............................................................................8

*In re Apple & AT & TM Antitrust Litig.*,
596 F. Supp. 2d 1288 (N.D. Cal. 2008) ........................................................................14

*Aprigliano v. Am. Honda Motor Co.*,
979 F. Supp. 2d 1331 (S.D. Fla. 2013) ...........................................................................9

*Arbitrage Int'l Mtg., Inc. v. DeMaria*,
No. 10-80399-CIV, 2010 WL 3941805 (S.D. Fla. Oct. 6, 2010) .........................................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................3

*Bailey v. Monaco Coach Corp.*,
350 F. Supp. 2d 1036 (N.D. Ga. 2004)..........................................................................15

*Barron v. Snyder's-Lance, Inc.*,
No. 13-62496-CIV, 2015 WL 11182066 (S.D. Fla. Mar. 20, 2015).......................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................3

*Bohlke v. Shearer's Foods, LLC*,
No. 9:14-CV-80727, 2015 WL 249418 (S.D. Fla. Jan. 20, 2015) .........................................5

*Borchardt v. Mako Marine Int'l, Inc.*,
No. 08-61199-CIV-MARRA, 2011 U.S. Dist. LEXIS 115867 (S.D. Fla. Oct. 6, 2011) ..............................................................................................................18

*Breakstone v. Caterpillar, Inc.*,
No. 09-23324-CIV, 2010 WL 2164440 (S.D. Fla. May 26, 2010) .......................................13

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
   137 S. Ct. 1773 (2017) ...................................................................................15, 16, 17

*Bruce Martin Constr. v. CTB, Inc.*,
   735 F.3d 750 (8th Cir. 2013) .........................................................................................8

*Bussian v. DaimlerChrysler Corp.*,
   411 F. Supp. 2d 614 (M.D.N.C. 2006) ..........................................................................7

*Caracol Television, S.A. v. Telemundo Television Studios, LLC*,
   No. 18-cv-23443-GAYLES, 2018 WL 6727305 (S.D. Fla. Dec. 20, 2018) .........................12

*In re Carrier IQ, Inc.*,
   78 F. Supp. 3d 1051 (N.D. Cal. 2015)...........................................................................14

*Chavez v. Church & Dwight Co.*,
   No. 17 C 1948, 2018 U.S. Dist. LEXIS 82642 (N.D. Ill. May 16, 2018).............................16

*Cipollone v. Liggett Grp., Inc.*,
   505 U.S. 504 (1992)......................................................................................................7

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)......................................................................................................12

*D.H.G. Properties, LLC v. Ginn Companies, LLC*,
   No. 3:09-CV-735-J-34JRK, 2010 WL 5584464 (M.D. Fla. Sept. 28, 2010).........................10

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...............................................................................................15, 17

*DaimlerChrysler Corp. v. Morrow*,
   895 So. 2d 861 (Ala. 2004) .........................................................................................7

*Dapeer v. Neutrogena Corp.*,
   95 F. Supp. 3d 1366 (S.D. Fla. 2015)..............................................................................5

*David v. Am. Suzuki Motor Corp.*,
   629 F. Supp. 2d 1309 (S.D. Fla. 2009) ......................................................................7, 10

*DeBernardis v. NBTY, Inc.*,
   No. 17 C 6125, 2018 U.S. Dist. LEXIS 7947 (N.D. Ill. Jan. 18, 2018) ...............................16

*Decerbo v. Melitta U.S.A. Inc.*,
   No. 8:16-cv-850-T-17AAS, 2016 WL 7206244 (M.D. Fla. Oct. 17, 2016).........................5

*In re Dental Supplies Antitrust Litig.*,
   No. 16 Civ. 696, 2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept. 20, 2017) .......................16

*Drayton v. Western Auto Supply Co.*,
  No. 01-10415, 2002 WL 32508918 (11th Cir. Mar. 11, 2002)..............................................13

*In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.*,
  No. 12-169, 2013 WL 5503308 (D.N.J. Oct. 2, 2013) ......................................................14

*Erlandson v. Ford Motor Co.*,
  No. 08-CV-1137-BR, 2009 WL 3672898 (D. Or. Oct. 30, 2009) ......................................12

*Fin. Sec. Assur., Inc. v. Stephens, Inc.*,
  500 F.3d 1276 (11th Cir. 2007) .......................................................................................2

*In re Flash Memory Antitrust Litig.*,
  643 F. Supp. 2d 1133 (N.D. Cal. 2009) ............................................................................14

*Floyd v. Am. Honda Motor Co.*,
  No. 2:17-cv-08744-SVW-AS, 2018 WL 6118582 (C.D. Cal. June 13, 2018)......................18

*In re Ford Tailgate Litig.*,
  11-CV-2953-RS, 2014 U.S. Dist. LEXIS 32287 (N.D. Cal. Mar. 11, 2014)........................15

*Garcia v. Kashi Co.*,
  43 F. Supp. 3d 1359 (S.D. Fla. 2014)................................................................................5

*Garick v. Mercedes-Benz United States*,
  No. 17-cv-12042-IT, 2019 U.S. Dist. LEXIS 68241 (D. Mass. Mar. 29, 2019)...................12

*Goldstein v. Home Depot U.S.A., Inc.*,
  609 F. Supp. 2d 1340 (N.D. Ga. 2009)..............................................................................13

*Groover v. Prisoner Transportation Servs., LLC*,
  No. 15-cv-61902-BLOOM/Valle,  2018 WL 6831119  (S.D. Fla. Dec. 26,
  2018).............................................................................................................................13

*Hall v. Sea World Entm't, Inc.*,
  No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ......................11

*Harduvel v. Gen. Dynamics Corp.*,
  878 F.2d 1311 (11th Cir. 1987) .......................................................................................9

*Heuer v. Nissan North America, Inc.*,
  No. 17-60018-Civ-Scola,  2017 U.S. Dist. LEXIS 127816 (S.D. Fla. Aug. 11,
  2017)...........................................................................................................................4, 5

*Hill v. Hoover Co.*,
  899 F. Supp. 2d 1259 (N.D. Fla. 2012) ............................................................................10

*Hindsman v. General Motors, LLC*,
    No. 17-cv-05337-JSC, 2018 U.S. Dist. LEXIS 92319 (N.D. Cal. June 1, 2018).....................8

*Hines v. Mercedes-Benz USA, LLC*,
    358 F. Supp. 2d 1222 (N.D. Ga. 2005)....................................................................................7

*Holliday v. Albion Labs., Inc.*,
    No. 9:14-cv-81294, 2015 WL 10857479 (S.D. Fla. June 9, 2015) .........................................5

*In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Prac. Litig.*,
    955 F. Supp. 2d 1311 (S.D. Fla. 2013) ..................................................................................3

*Howe v. Samsung Elecs. Am., Inc.*,
    No. 1:16CV386-RH/GRJ, 2018 WL 2212982 (N.D. Fla. Jan. 5, 2018)................................16

*JDI Holdings, LLC v. Jet Mgm't*,
    732 F. Supp. 2d 1205 (N.D. Fla. 2010) ..................................................................................7

*Lauren v. PNC Bank, N.A.*,
    296 F.R.D. 389 (W.D. Pa. 2014) ..........................................................................................14

*Lee v. Branch Banking & Trust Co.*,
    No. 18-21876-Civ-Scola, 2018 WL 5633995 (S.D. Fla. Oct. 31, 2018) ..............................16

*Lewis v. Casey*,
    518 U.S. 343 (1996).............................................................................................................14

*Llado-Carreno v. Guidant Corp.*,
    No. 09-20971-CIV-ALTONAGA/Brown,  2011 U.S. Dist. LEXIS 17088 (S.D.
    Fla. Feb. 22, 2011) ...............................................................................................................3

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).............................................................................................................3

*Marty v. Anheuser-Busch Cos.*,
    43 F. Supp. 3d 1333 (S.D. Fla. 2014)....................................................................................13

*Matthews v. Am. Honda Motor Co.*,
    No. 12-60630-CIV, 2012 WL 2520675 (S.D. Fla. June 6, 2012).........................................11

*McDonnell v. Nature's Way Prods., LLC*,
    No. 16 C 5011, 2017 U.S. Dist. LEXIS 177892 (N.D. Ill. Oct. 26, 2017) ...........................16

*Mesa v. BMW of N. Am., LLC*,
    904 So. 2d 450 (Fla. 3d DCA 2005)......................................................................................6

*Mollicone v. Universal Handicraft, Inc.*,
    No. 216CV07322CASMRWX, 2017 WL 440257 (C.D. Cal. Jan. 30, 2017) .......................14

*Molock v. Whole Foods Mkt. Grp.*,
  317 F. Supp. 3d 1 (D.D.C. 2018) ......................................................................17

*In re NJOY, Inc. Consumer Class Action Litig.*,
  120 F. Supp. 2d 1050 (C.D. Cal. 2015) ...........................................................11

*O'Shea v. Littleton*,
  414 U.S. 488 (1974).........................................................................................14

*Ocana v. Ford Motor Co.*,
  992 So. 2d 319 (Fla. 3d DCA 2008).................................................................6

*In re OSB Antitrust Litig.*,
  No. 06-826, 2007 WL 2253425 (E.D. Pa. Aug. 3, 2007)................................15

*Perez v. Metabolife Int'l, Inc.*,
  218 F.R.D. 262 (S.D. Fla. 2003) .....................................................................14

*Perret v. Wyndham Vacation Resorts, Inc.*,
  846 F. Supp. 2d 1327 (S.D. Fla. 2012) .......................................................3, 10

*Posner v. Essex Ins. Co.*,
  178 F. 3d 1209 (11th Cir. 1999) .....................................................................18

*Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*,
  301 F. Supp. 3d 840 (N.D. Ill. 2018)...............................................................17

*Prado-Steiman ex rel. Prado v. Bush*,
  221 F.3d 1266 (11th Cir. 2000) ...............................................................4, 5, 14

*Reilly v. Amy's Kitchen, Inc.*,
  No. 13-21525-CIV, 2013 WL 9638985 (S.D. Fla. Dec. 9, 2013)......................5

*Rentas v. DaimlerChrysler Corp.*,
  936 So. 2d 747 (Fla. 4th DCA 2006) ................................................................6

*Resnick v. Hyundai Motor Am., Inc.*,
  No. CV 16-00593 BRO, 2017 WL 6549931 (C.D. Cal. Aug. 21, 2017)...........10, 11, 12

*Sanborn v. Nissan North America, Inc.*,
  No. 14-cv-62567-KMM, 2015 U.S. Dist. LEXIS 189600 (S.D. Fla. Aug. 11,
  2017)..................................................................................................................4

*Sanchez-Knutson v. Ford Motor Co.*,
  No. 14-61344-CIV-DIMITROULEAS, 2015 U.S. Dist. LEXIS 181103 (S.D.
  Fla. July 21, 2015) ............................................................................................4

*Sharkus v. Daimler Chrysler Corp.*,
No. 79218, 2002 WL 31319119 (Ohio Ct. App. Oct. 17, 2002) ............................................7

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422 (2007)......................................................................................................18

*Sloan v. General Motors, LLC*,
No. 16-cv-07244-EMC, 2017 U.S. Dist. LEXIS 120851 (N.D. Cal. Aug. 1,
2017)............................................................................................................................8

*Speier-Roche v. Volkswagen Grp. of Am., Inc.*,
No. 14-20107-CIV, 2014 WL 1745050 (S.D. Fla. Apr. 30, 2014) ........................................6

*Speier-Roche v. Volkswagen Grp. of Am., Inc.*,
No. 14-20107-CIV-MORENO, 2014 U.S. Dist. LEXIS 59991 (S.D. Fla. Apr.
30, 2014)......................................................................................................................9

*Troup v. Toyota Motor Corp.*,
545 F. App'x 668 (9th Cir. 2013) ......................................................................................8

*Tull Bros. v. Peerless Prods., Inc.*,
953 F. Supp. 2d 1245 (S.D. Ala. 2013) ..............................................................................8

*W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*,
287 F. App'x 81 (11th Cir. 2008) ......................................................................................3

*Washington v. Vogel*,
156 F.R.D. 676 (M.D. Fla. 1994) ....................................................................................13

*In re Wellbutrin XL Antitrust Litig.*,
260 F.R.D. 143 (E.D. Pa. 2009) ......................................................................................14

*Wenokur v. AXA Equitable Life Ins. Co.*,
No. CV-17-00165-PHX-DLR, 2017 U.S. Dist. LEXIS 162812 (D. Ariz. Oct.
2, 2017) ......................................................................................................................16

**Statutes**

15 U.S.C. § 2310 ............................................................................................................18

28 U.S.C. § 1292 ......................................................................................................17, 18

**Other Authorities**

Fed. R. Civ. P. 9 ........................................................................................................3, 10

Fed. R. Civ. P. 12 ..............................................................................................1, 15, 17

Fed. R. Civ. P. 23 ......................................................................................................13, 16, 17

Fed. R. Civ. P. 82 ....................................................................................................................17

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), Defendant General Motors LLC ("GM"), by and through undersigned counsel, moves the Court to dismiss Plaintiff Douglas Weiss's claims.  In support, GM respectfully shows the Court as follows:

## INTRODUCTION

The Complaint in this case is a classic example of overreach.  Plaintiff claims that within a year of purchase, his Chevrolet Silverado pickup truck developed a vibration at highway speeds. Although the Complaint characterizes the vibration as "violent" and "aggressive," Plaintiff admits that he waited nearly a year and a half before attempting to diagnose and fix the alleged issue.  And when Plaintiff finally took his truck to an authorized GM repair facility, it was more than two years after he claims the vibration began and *after* his warranty had already expired.

Despite all this, Plaintiff claims he and everyone else in the United States who purchased or leased a Silverado manufactured in the last five years is entitled to cost-free repairs because every single Silverado allegedly has the same defectively designed driveshaft.  And Plaintiff does not stop there.  He alleges that this alleged "defect" exists in other GM vehicles as well, including *every* model year 2014–present GMC Sierra, *every* model year 2015–present Cadillac Escalade, *every* model year 2015–present Chevrolet Tahoe, *every* model year 2015–present Chevrolet Suburban, and *every* model year 2015–present GMC Yukon/Yukon XL.  This is a bridge too far. Indeed, Plaintiff has not adequately pleaded an individual claim, much less one on behalf of the hundreds of thousands of individuals he purports to represent.

To begin with, Plaintiff's express warranty claim fails because he failed to present his vehicle to the dealership during the warranty period and because the design defect that he alleges is not covered by the warranty.  Plaintiff's implied warranty claim similarly fails because he lacks privity with GM and because he alleges that he has continued to use his truck for its ordinary purpose for *years* despite the presence of the alleged defect.  And Plaintiff's FDUTPA claim fails because he has not alleged that he relied upon *any* GM representations.

Moreover, even if he could go forward on his own behalf (which he cannot), Plaintiff lacks standing to represent a class of purchasers of all of these different vehicles.  Beyond that, he lacks standing to represent non-Florida purchasers regardless of which model vehicle they purchased. Finally, the Court lacks personal jurisdiction over GM with respect to the non-Florida putative class members' claims.

For these reasons and as explained in more detail below, Plaintiff's claims are legally deficient and should be dismissed.

## RELEVANT BACKGROUND

Plaintiff alleges that he purchased a new 2015 Chevrolet Silverado 1500 from Auto Nation Chevy on September 10, 2015. Compl. ¶ 124. He claims that within a year of purchase, with approximately 12,000 miles on the odometer, his truck developed a severe vibration or shuddering at highway speeds, which the Complaint refers to as the "Chevy Shake." *Id.* ¶¶ 126–127. Plaintiff alleges that instead of taking his vehicle to an authorized GM dealer for diagnosis and repair under warranty, he had the truck serviced several times at a non-GM-affiliated Firestone repair shop, which could not fix the problem. *Id.* ¶ 128–130. He further claims that on January 10, 2019, he finally took his truck to an authorized GM dealership, which attributed the vibration to the truck's brakes and found that the vibration Plaintiff was experiencing was "within normal limits." *Id.* ¶¶ 131–132. As "slight noise, vibrations, or other normal characteristics of the vehicle" are not covered by the New Vehicle Limited Warranty ("NVLW"), Plaintiff was not offered a warranty repair. Ex. A, NVLW, at 4.[1] Plaintiff alleges that he "initiated a complaint with GM corporate," but that GM has not reimbursed him for out-of-pocket expenses he incurred by choosing not to go to a GM dealership to try to address his vibration issue. Compl. ¶¶ 134–135.

Plaintiff alleges that this vibration is present not only in his Silverado, but also in all model year 2014 to present Chevrolet Silverados and GMC Sierras, and all model year 2015 to present Chevrolet Tahoes and Suburbans, GMC Yukons/Yukon XLs, and Cadillac Escalades (collectively, the "Class Vehicles"). *See id.* ¶ 2. He asserts a claim for violations of the Magnuson-Moss Warranty Act ("MMWA") individually and on behalf of a putative nationwide class of all persons who purchased or leased a Class Vehicle. *See id.* ¶¶ 152–160. He also asserts claims for breach of express and implied warranty and violations of the Florida Deceptive and Unfair Trade Practices

---

[1] The NVLW applicable to Plaintiff's 2015 Silverado 1500 is attached hereto as Exhibit A. Because the terms of the NVLW are central to Plaintiff's claims, the Court may consider the NVLW at the motion to dismiss stage. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (explaining that a district court may properly consider a document attached as an exhibit to a defendant's motion to dismiss where, as here, "[the] plaintiff refers to a document in its complaint, the document is central to [the plaintiff's] claim, [and] its contents are not in dispute").

Act ("FDUTPA") on behalf of a putative class of Florida purchasers and lessees of Class Vehicles. *See id.* ¶¶ 161–179.

## LEGAL STANDARD

A complaint must plead facts sufficient to create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's claim for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and must be pleaded with particularity. *See, e.g.*, *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012) (Seitz, J.) (applying Rule 9(b) to FDUTPA claim); *Llado-Carreno v. Guidant Corp.*, No. 09-20971-CIV-ALTONAGA/Brown, 2011 U.S. Dist. LEXIS 17088, at *13–15 (S.D. Fla. Feb. 22, 2011) (same); *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Prac. Litig.*, 955 F. Supp. 2d 1311, 1323 n.8 (S.D. Fla. 2013)( "[M]ost courts have found that Rule 9(b) applies to claims brought under states' consumer fraud statutes.") (collecting cases). To satisfy this heightened standard, the complaint must "allege: (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316–17 (11th Cir. 2007). "Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008).

## ARGUMENT

## I. PLAINTIFF LACKS STANDING TO SUE ON BEHALF OF CONSUMERS WHO PURCHASED DIFFERENT VEHICLES.

To demonstrate Article III standing to sue, a plaintiff must plausibly allege facts showing that he "suffered an 'injury in fact'" that is "'fairly traceable to the challenged action of the defendant,'" and that it is "'likely, as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)

(alterations omitted).  As the Eleventh Circuit made clear in *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1280 (11th Cir. 2000), the plaintiff must independently meet *each* of these requirements as to *each* claim asserted against *each* defendant.

In the context of a putative consumer class action, *Prado-Steiman* requires dismissal of claims relating to products that a named plaintiff did not purchase.  As this Court explained in *Heuer v. Nissan North America, Inc.*, No. 17-60018-Civ-Scola, 2017 U.S. Dist. LEXIS 127816, at *12–13 (S.D. Fla. Aug. 11, 2017) (Scola, J.), "[b]ecause Article III standing requires a plaintiff to establish that he has suffered an injury-in-fact, a class plaintiff 'cannot raise claims relating to those other products which he did not purchase.'" (quoting *Toback v. GNC Holdings, Inc.*, No. 13-80256-CIV, 2013 U.S. Dist. LEXIS 131135, at *5 (S.D. Fla. Sept. 13, 2013)).

Other courts within this Circuit have reached the same conclusion, including in the context of automotive class actions.  For example, in *Sanchez-Knutson v. Ford Motor Co.*, No. 14-61344-CIV-DIMITROULEAS, 2015 U.S. Dist. LEXIS 181103 (S.D. Fla. July 21, 2015), the plaintiff filed a putative class action purporting to represent all Florida purchasers or lessees of the 2011–2013 Ford Explorer, Ford Edge, and Lincoln MKX. *Id.* at *5–6 & n.1. The named plaintiff herself, however, had purchased only a Ford Explorer. *Id.* at *7. "[C]onsistent with the . . . Eleventh Circuit's opinion in *Prado-Steiman*," the Court concluded that the plaintiff lacked standing to sue as to products she did not purchase and dismissed the claims relating to the Ford Edge and Lincoln MKX even though she alleged these models all had the same defect, design, and/or components. *Id.* at *9–13 (allegations that other vehicles "have the same exhaust contamination problem, . . . are built on the same or comparable platforms, have the same or comparable design, use the same or comparable components, and have the same problem" were insufficient to confer standing as to claims relating to products the named plaintiff did not purchase).

Similarly, in *Sanborn v. Nissan North America, Inc.*, No. 14-cv-62567-KMM, 2015 U.S. Dist. LEXIS 189600, at *5 (S.D. Fla. Aug. 11, 2017), two plaintiffs who purchased Nissan Altimas filed a purported class action seeking to represent not only purchasers of the Altima, but also purchasers of 21 other Nissan and Infiniti vehicle models. Judge Moore granted Nissan's motion to dismiss the claims relating to vehicle models that the named plaintiffs had not themselves purchased, including dismissing claims relating to the same vehicle model from a different model year, explaining that allegations that such vehicles shared the same alleged defect as the named plaintiffs' vehicles were insufficient to confer standing. *Id.* at *6–7 ("In the Eleventh Circuit, a

named plaintiff in a consumer class action cannot raise claims relating to products which she herself did not purchase.").[2]

Here, Plaintiff seeks to represent not only purchasers of other 2015 Silverado 1500 pickup trucks (the only product he alleges he purchased), but also purchasers of different types and model years of Silverados, Tahoes, Suburbans, Sierras, Yukons/Yukon XLs, and Escalades. *See* Compl. ¶ 136. Under established case law, Plaintiff does not have standing to bring claims involving these different vehicle models. And Plaintiff does not (and could not) plausibly allege that all Chevrolet Silverado pickup trucks manufactured over six different model years are "materially identical" such as to be considered the same product. *Compare Heuer*, 2017 U.S. Dist. LEXIS 127816, at *14–15 (finding that plaintiff had standing to sue on behalf of purchasers of different model years of the same vehicle model where complaint plausibly alleged that the vehicles at issue were "'materially identical from model year to model year'"). Instead, Plaintiff simply alleges that all of these different products share a common defect. As the cases cited above all hold, this is insufficient. Plaintiff lacks standing to assert claims relating to any products other than the 2015 Silverado 1500 pickup truck that he purchased[3] and such claims should, therefore, be dismissed.

---

[2] *See also, e.g.*, *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1394 (S.D. Fla. 2014) ("[I]n the Eleventh Circuit, a named plaintiff in a consumer class action 'cannot raise claims relating to those other products which he did not purchase.'") (quoting *Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 U.S. Dist. LEXIS 131135, at *12–15 (S.D. Fla. Sept. 13, 2013)); *Holliday v. Albion Labs., Inc.*, No. 9:14-cv-81294, 2015 WL 10857479, at *5 (S.D. Fla. June 9, 2015) (applying *Prado-Steiman* to "conclude[] that a plaintiff cannot establish Article III standing to bring claims for products he did not purchase"); *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373 (S.D. Fla. 2015) (same); *Decerbo v. Melitta U.S.A. Inc.*, No. 8:16-cv-850-T-17AAS, 2016 WL 7206244, at *3 (M.D. Fla. Oct. 17, 2016) (same); *Barron v. Snyder's-Lance, Inc.*, No. 13-62496-CIV, 2015 WL 11182066, at *16–17 (S.D. Fla. Mar. 20, 2015) (same); *Bohlke v. Shearer's Foods, LLC*, No. 9:14-CV-80727, 2015 WL 249418, at *3–4 (S.D. Fla. Jan. 20, 2015) (same); *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 9638985, at *2 (S.D. Fla. Dec. 9, 2013), *reconsideration denied*, 2014 WL 905441 (S.D. Fla. Mar. 7, 2014) (same).

[3] Plaintiff's Complaint does not contain further detail regarding the specific type of 2015 Chevrolet Silverado 1500 pickup truck he purchased—for example, whether the truck was a 4x4, crew cab, standard cab, or extended cab. Given the nature of Plaintiff's defect allegations, Plaintiff lacks standing to assert any claims other than those related to the specific type of 2015 Chevrolet Silverado 1500 pickup truck (whichever that was) that he purchased.

## II.   PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM FAILS AS A MATTER OF LAW.

### A.   Plaintiff Lacks Privity with GM.

Plaintiff's breach of implied warranty claim fails because he is not in privity with GM.  It is well-established under Florida law that a purchaser cannot pursue a breach of implied warranty claim against a product manufacturer when he does not purchase the product directly from the manufacturer.  Florida courts, including courts within this District, have applied this rule to preclude plaintiffs from pursuing implied warranty claims against automotive manufacturers. *See, e.g.*, *Speier-Roche v. Volkswagen Grp. of Am., Inc.*, No. 14-20107-CIV, 2014 WL 1745050, at *7 (S.D. Fla. Apr. 30, 2014) (dismissing implied warranty claim for lack of privity where plaintiff purchased vehicle from dealer, not manufacturer); *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 326 (Fla. 3d DCA 2008) (allegations that authorized dealership was an agent of the manufacturer were insufficient to overcome the privity requirement for a breach of implied warranty claim); *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005) ("Under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity.") (citing cases); *Rentas v. DaimlerChrysler Corp.*, 936 So. 2d 747, 751 (Fla. 4th DCA 2006) (same).

Here, Plaintiff alleges that he purchased his Silverado from Auto Nation Chevy (not GM). Compl. ¶ 124.  Accordingly, his breach of implied warranty claim should be dismissed for lack of privity.

### B.   Plaintiff Has Not Alleged Facts Demonstrating That His Vehicle Was Unmerchantable at the Time of Sale.

Plaintiff's implied warranty claim also fails because he has not alleged facts sufficient to support the conclusion that his 2015 Silverado 1500 pickup truck was not fit for its ordinary purpose, namely, providing transportation.  Although the Complaint alleges that Plaintiff first experienced shaking no later than September 2016, the first time Plaintiff sought repair of his vehicle was April 11, 2018, some 19 months later. *See* Compl. ¶¶ 126, 128.  When that repair, which was performed at a non-GM-affiliated Firestone repair shop, allegedly did not fix the issue, Plaintiff waited another three and a half months before returning to the Firestone shop for a realignment and tire rebalancing. *Id.* ¶¶ 128–129.  Plaintiff claims that this repair also did not fix the alleged issue, but he waited nearly five months before bringing his truck back to the Firestone

shop. *Id.* ¶ 130. When the Firestone repair shop still could not fix the alleged issue, Plaintiff finally took his vehicle to an authorized GM dealership in January 2019. *Id.* ¶¶ 131–132.

Throughout the entire 27-month period between the time in which Plaintiff claims he first experienced the shaking to the time when Plaintiff first sought repair at an authorized GM repair facility, Plaintiff does not claim that he was unable (or unwilling) to drive his vehicle. Nor does Plaintiff allege that ever stopped driving his vehicle as a result of the alleged issue. Instead, the only plausible inference from the Complaint is that Plaintiff continued to use his vehicle for its intended purpose of transportation—and that Plaintiff still does so today. Under these circumstances, Plaintiff has not stated a claim for breach of implied warranty. *See, e.g.*, *Sharkus v. Daimler Chrysler Corp.*, No. 79218, 2002 WL 31319119, at *3 (Ohio Ct. App. Oct. 17, 2002) (allegations of "a sporadic noise and vibration in the steering column" were insufficient as a matter of law to support a breach of implied warranty claim); *see also Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 623 (M.D.N.C. 2006) ("Where an automobile provides safe, reliable transportation, it is generally considered merchantable."); *Hines v. Mercedes-Benz USA, LLC*, 358 F. Supp. 2d 1222, 1233 (N.D. Ga. 2005) (no breach of implied warranty where, although plaintiff claimed vehicle was unsafe to drive, he continued to drive the vehicle); *DaimlerChrysler Corp. v. Morrow*, 895 So. 2d 861, 865 (Ala. 2004) ("[Plaintiff's] extensive use of the truck since its delivery precludes [his] claim that the truck was not fit for the ordinary purposes for which such trucks are used.").

## III.   PLAINTIFF'S BREACH OF EXPRESS WARRANTY CLAIM FAILS AS A MATTER OF LAW.

### A.   The Vibration Plaintiff Claims He Experienced Is Not Within the Scope of Any Written Warranty.

"A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 525 (1992); *see also David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1318 (S.D. Fla. 2009) ("Under Florida law, a written warranty is treated as a contract between buyer and seller.") (citing *Brennan v. Dow Chem. Co.*, 613 So. 2d 131, 132 (Fla. 4th DCA 1993). Thus, where the alleged defect is outside the scope of the warranty's coverage, a claim for breach of express warranty fails as a matter of law and should be dismissed. *See, e.g.*, *JDI Holdings, LLC v. Jet Mgm't*, 732 F. Supp. 2d 1205,

1227–28 (N.D. Fla. 2010) (plaintiff's claim for breach of express warranty failed where alleged defects were outside the scope of the warranty).

Here, Plaintiff's alleged "Chevy Shake" defect falls outside the scope of the NVLW, for two reasons. First, the NVLW expressly excludes coverage for "slight noise, *vibrations*, or other normal characteristics of the vehicle." Ex. A, NVLW, at 4 (emphasis added). Yet, Plaintiff's sole complaint about his vehicle is an alleged vibration that was diagnosed by an authorized GM dealership as "within the normal limits of road vibration." Compl. ¶ 132. By the express terms of the NVLW, GM is not obligated to repair such an issue.

Second, the NVLW expressly limits coverage to defects "related to materials or workmanship." Ex. A, NVLW, at 4; *see also* Compl. ¶ 147 (alleging that "GM warranted the vehicle to be free of defects in materials and workmanship at the time of purchase or lease").[4] As many courts have held, "express warranties covering defects in materials and workmanship exclude defects in design." *Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 668 (9th Cir. 2013); *Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1285–87 (N.D. Ga. 2018) (holding that vehicle warranty limiting coverage to "defects in materials or workmanship" "does not cover design defects"); *Tull Bros. v. Peerless Prods., Inc.*, 953 F. Supp. 2d 1245, 1257 (S.D. Ala. 2013) ("A written warranty against defects in materials or workmanship does not encompass a warranty against defects in design."); *see also Bruce Martin Constr. v. CTB, Inc.*, 735 F.3d 750, 753 (8th Cir. 2013) ("[A] design defect cannot also be a defect in material and workmanship."). Indeed, courts construing warranties issued by GM that contain materially identical language have reached the same conclusion. *See, e.g.*, *Hindsman v. General Motors, LLC*, No. 17-cv-05337-JSC, 2018 U.S. Dist. LEXIS 92319, at *16–20 (N.D. Cal. June 1, 2018) (finding that GM's NVLW limiting coverage to defects "related to materials or workmanship" excludes coverage for design defects); *Sloan v. General Motors, LLC*, No. 16-cv-07244-EMC, 2017 U.S. Dist. LEXIS 120851, at *27– 31 (N.D. Cal. Aug. 1, 2017) (same).

Plaintiff's claims in this case relate to an alleged design defect, not a defect in materials or workmanship, and therefore fall outside the scope of the NVLW. Specifically, Plaintiff's theory

---

[4] Plaintiff's allegation that the powertrain warranty also covers design defects, *see* Compl. ¶ 148, is not supported by the actual terms of the warranty and should be disregarded. The powertrain warranty is part of the NVLW, which makes clear that the only repairs covered are "repairs to correct any vehicle defect … related to materials or workmanship occurring during the warranty period." Ex. A, NVLW at 4.

appears to be that the vibration he claims to have experienced is the result of a defect in the design of his truck's driveshaft. *See* Compl. ¶¶ 109-110 (alleging that "custom drive shaft replacements of a different design have solved the defect"). Moreover, the breadth of Plaintiff's proposed class is inconsistent with allegations of a manufacturing defect and instead indicative of an alleged design defect. As the Eleventh Circuit has explained, the "distinction between 'aberrational' defects and defects occurring throughout an entire line of products is frequently used in tort law to separate defects of manufacture from those of design." *Harduvel v. Gen. Dynamics Corp.*, 878 F.2d 1311, 1317 (11th Cir. 1987). Plaintiff contends that the alleged defect not only exists across an entire line of products, but across multiple different vehicle models manufactured over a five-year period. Such allegations are not consistent with a defect in "materials or workmanship," but are instead allegations of a defect in design, which is not covered by the NVLW. Accordingly, Plaintiff's breach of express warranty claim should be dismissed.

> **B.    Plaintiff Has Not Alleged That His Vehicle Was Within the Time and Mileage Limitations of the Limited Warranty When He First Reported the "Chevy Shake" to a Dealer.**

Although Plaintiff alleges that he first "experienced the Chevy Shake within a year of purchase [*i.e.* in September 2016] when the vehicle had approximately 12,000 miles on it," he acknowledges that he did not report this issue to a Chevrolet dealer until more than two years later, on January 10, 2019. Compl. ¶¶ 126, 131. By this time, Plaintiff's truck was outside the 3-year/36,000 mile warranty for bumper-to-bumper coverage.

Plaintiff claims that he purchased his Silverado on September 10, 2015. Compl. ¶ 124. The NVLW provides coverage for "3 years or 36,000 miles, whichever comes first," which "begins on the date the vehicle is first delivered or put in use." Ex. A, NVLW, at 4. Thus, Plaintiff's coverage expired no later September 10, 2018, *before* he first reported the alleged defect to an authorized GM dealer. Accordingly, to the extent Plaintiff alleges that this vibration was covered by the 3-year warranty, his claim fails as a matter of law. *See Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1340 (S.D. Fla. 2013) (dismissing breach of express warranty claim where plaintiffs did not allege "that they presented their [vehicles] to Honda for repair during the warranty period[ ]"); *Speier-Roche v. Volkswagen Grp. of Am., Inc.*, No. 14-20107-CIV-MORENO, 2014 U.S. Dist. LEXIS 59991, at *8–11 (S.D. Fla. Apr. 30, 2014) (dismissing breach

of express warranty claim where warranty period had expired before defendant refused to provide free repair of the alleged defect).

## IV.    PLAINTIFF'S CLAIM FOR VIOLATION OF THE MMWA FAILS AS A MATTER OF LAW.

Plaintiff's claim for violation of the MMWA rises or falls with his state-law warranty claims.  Because Plaintiff has not stated a claim for breach of express or implied warranty under Florida law, his MMWA claim must also be dismissed.  *See, e.g.*, *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1266 (N.D. Fla. 2012) ("[I]n order to state a claim under the MMWA, the Plaintiff must adequately plead a cause of action for breach of written or implied warranties under Florida law."); *David v. Am. Suzuki Motor Co.*, 629 F. Supp. 2d 1309, 1324 (S.D. Fla. 2009) ("As previously discussed, Plaintiff's implied warranty [claim] fails under Florida law.  Therefore, a MMWA claim based on breach of implied warranty fails.").

## V.    PLAINTIFF'S CLAIM FOR VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA") FAILS AS A MATTER OF LAW.

### A.    Plaintiff's Complaint Does Not Satisfy the Heightened Pleading Standard of Rule 9(b).

As noted above, Plaintiff's FDUTPA claim must meet the heightened pleading standard of Rule 9(b).  *See, e.g.*, *Perret*, 846 F. Supp. 2d at 1333.  To satisfy this standard, the complaint must "allege: (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316–17 (11th Cir. 2007).

Plaintiff's Complaint does not meet this standard.  Far from alleging "the precise statements, documents or misrepresentations made," Plaintiff does not allege that he viewed *any* representations that GM made.  This is fatal to his FUDTPA claim.  *See, e.g.*, *D.H.G. Properties, LLC v. Ginn Companies, LLC*, No. 3:09-CV-735-J-34JRK,  2010 WL 5584464, at *6 (M.D. Fla. Sept. 28, 2010) (dismissing  FDUTPA claim where complaint contained "many generalized allegations  regarding the overall fraudulent scheme" but "very few allegations  actually purport[ing]  to describe facts or events relating to Plaintiff, or Plaintiff's purchase of the property at issue"); *Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593 BRO (PJWx), 2017 WL 6549931,  at *18 (C.D. Cal. Aug. 21, 2017) ("As Plaintiffs have failed to establish that [the Florida

purchasers] viewed any of Defendants' alleged representations …, their claims under FDUTPA fail."); *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 2d 1050, 1089 (C.D. Cal. 2015) ("[W]here a plaintiff has not seen or heard an allegedly deceptive advertisement, she cannot challenge it under the FDUTPA."); *Hall v. Sea World Entm't, Inc.*, No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911, at *15 (S.D. Cal. Dec. 23, 2015) (dismissing FDUTPA claim where plaintiffs failed "to specifically allege that they viewed any … statements or advertisements" that were the basis of the dispute).

**B.     Plaintiff Has Not Alleged that GM Knew of the Alleged Defect at the Time of Purchase.**

To state a claim for a violation of FDUTPA, Plaintiff must also allege facts showing that GM knew of the alleged defect at the time he purchased his Silverado. *See Matthews v. Am. Honda Motor Co.*, No. 12-60630-CIV, 2012 WL 2520675, at *3 (S.D. Fla. June 6, 2012) ("[A] FDUTPA claim is stated where the defendant knowingly fails to disclose a material defect that diminishes a product's value."); *Resnick*, 2017 WL 6549931, at *19 (dismissing FDUTPA claim where "[p]laintiffs … failed to establish that Defendants knew of the alleged defect" in the automobiles they manufactured). In an attempt to meet this standard, Plaintiff devotes large portions of his Complaint to quoting from purported customer complaints posted on internet websites unaffiliated with GM or submitted to NHTSA. But most of the purported complaints Plaintiff quotes from are dated *after* Plaintiff purchased his vehicle. Of the 109 complaints alleged in the Complaint, only 24 are dated before the date Plaintiff bought his Silverado. Plainly, complaints dated after Plaintiff purchased his truck cannot establish that GM knew of the alleged defect at the time Plaintiff purchased his truck. And of the 24 pre-purchase complaints, only 7 even mention a Silverado. Such a small number of complaints compared with the hundreds of thousands of vehicles in the putative class are nowhere near sufficient to establish that GM knew of a defect that existed across *all* the Class Vehicles, including Plaintiff's Silverado. *See, e.g.*, *Resnick*, 2017 WL 6549931, at *31 (holding that purported customer complaints posted on the internet were insufficient to confer knowledge on the part of the manufacturer).

Similarly, allegations that GM issued technical service bulletins (TSBs) relating to "vibrations" are insufficient to establish scienter. A TSB merely provides instructions to repair facilities about how to address certain customer comments that they may encounter; it is not an admission that such issues are "defects." *Alban v. BMW of N. Am., LLC*, No. 09-5398 (DRD),

2011 WL 900114, at *12 (D.N.J. Mar. 15, 2011) ("[T]he Court is hesitant to view [TSBs] … as potential admissions of fraudulent concealment of a defect."); *Erlandson v. Ford Motor Co.*, No. 08-CV-1137-BR, 2009 WL 3672898, at *4 (D. Or. Oct. 30, 2009) (a TSB "does not constitute an admission by Defendant that a defect exists"); *Am. Honda Motor Co. v. Super. Ct.*, 199 Cal. App. 4th 1367, 1378 (2011) (a TSB "is not and cannot be fairly construed … as an admission of a design or other defect"). Moreover, at best, the TSBs that Plaintiff cites establish that certain customers may have commented about vibrations at speeds of 35-45 mph and that there were recommendations and procedures for diagnosing excessive vibrations associated with a variety of potential vehicle parts, including wheels and tires, axle components, and/or propeller shafts. They do not establish that a *singular* defect as alleged by Plaintiff existed, let alone that it existed across *every* model alleged in the Complaint. Nor do they establish that GM knew of a defect in the specific Silverado Plaintiff purchased at the time Plaintiff purchased it. *See, e.g.*, *Garick v. Mercedes-Benz United States*, No. 17-cv-12042-IT, 2019 U.S. Dist. LEXIS 68241, at *8 (D. Mass. Mar. 29, 2019) (finding that a TSB "supports, at most, that Defendant knew that *some* vehicles may produce" certain symptoms, which "is not synonymous with a knowledge that a vehicle is indeed defective, particularly where failure is not certain") (emphasis added). Because Plaintiff cannot establish that GM knew his Silverado was allegedly defective at the time he purchased it, his FDUTPA claim fails and should be dismissed. *See, e.g.*, *Resnick*, 2017 WL 6549931, at *31 (granting motion to dismiss FDUTPA claim).

## VI. PLAINTIFF'S REQUEST FOR INJUNCTIVE OR OTHER EQUITABLE RELIEF FAILS.

Plaintiff has not stated a claim for injunctive, declaratory, or other equitable relief for two reasons. First, Plaintiff has an adequate remedy at law because the same alleged conduct forms the basis for his claims for damages and his claims for injunctive relief. Moreover, all of Plaintiff's claimed injuries are redressable by a damages award. *See Caracol Television, S.A. v. Telemundo Television Studios, LLC*, No. 18-cv-23443-GAYLES, 2018 WL 6727305, at *3–4 (S.D. Fla. Dec. 20, 2018).

Second, standing to seek prospective injunctive or declaratory relief depends on whether the plaintiff is "likely to suffer future injury" from the conduct of the defendant that the plaintiff seeks to enjoin and whether the requested injunction is likely to redress that injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 105 (1983). Here, however, Plaintiff has not alleged that he

is likely to be harmed by GM's alleged sales practices in the future, because he has not alleged that he will ever purchase or lease in the future *any* products distributed, sold, or leased by GM, let alone the same type of truck. Plaintiff, therefore, lacks standing to seek injunctive or declaratory relief. *See, e.g.*, *Marty v. Anheuser-Busch Cos.*, 43 F. Supp. 3d 1333, 1354 (S.D. Fla. 2014) ("Because there are no allegations in the Amended Complaint that the plaintiffs would purchase [the product] in the future, … the plaintiffs have failed to plead 'a real and immediate threat of future injury,' and thus have failed to plead standing to seek injunctive relief.") (citation omitted); *Goldstein v. Home Depot U.S.A., Inc.*, 609 F. Supp. 2d 1340, 1348 (N.D. Ga. 2009) (no standing to seek injunctive relief where plaintiff did not allege "that he plan[ned] to purchase [the product] from [the] [d]efendant").

Given that Plaintiff lacks standing to seek injunctive or declaratory relief, Plaintiff's putative claims on behalf of a Fed. R. Civ. P. 23(b)(2) class should be stricken. As the Eleventh Circuit has explained, a Rule 23(b)(2) class is appropriate only "when final injunctive relief or corresponding declaratory relief with respect to the class as a whole is appropriate." *Drayton v. Western Auto Supply Co.*, No. 01-10415, 2002 WL 32508918, at *4 (11th Cir. Mar. 11, 2002). Where, as here, the named plaintiff lacks standing to seek injunctive or declaratory relief, he may not proceed on behalf of a class under Rule 23(b)(2). *See, e.g.*, *id.* at *5 ("Having failed to allege a real and imminent threat of future [harm], [plaintiffs] do not have standing to pursue a Rule 23(b)(2) class action for injunctive relief."); *Washington v. Vogel*, 156 F.R.D. 676, 684 (M.D. Fla. 1994) ("Since the proposed class representatives do not have standing to seek an injunction … the class cannot be certified pursuant to Rule 23(b)(2)."); *Groover v. Prisoner Transportation Servs., LLC*, No. 15-cv-61902-BLOOM/Valle, 2018 WL 6831119, at *12 n.6 (S.D. Fla. Dec. 26, 2018) ("Because Plaintiff does not have standing to assert a claim for injunctive or declaratory relief a class cannot be certified under 23(b)(2)."); *Breakstone v. Caterpillar, Inc.*, No. 09-23324-CIV, 2010 WL 2164440, at *4 (S.D. Fla. May 26, 2010) (denying motion to certify Rule 23(b)(2) class where plaintiff lacked standing to seek injunctive relief).

## VII.    THE NATIONWIDE CLASS CLAIMS SHOULD BE DISMISSED FOR VARIOUS REASONS.

### A.    Plaintiff Lacks Standing to Pursue Relief on Behalf of Out-of-State Class Members.

To establish standing to sue, "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quotation marks omitted). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Thus, "a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Prado-Steiman*, 221 F.3d at 1280. In other words, the mere fact that a plaintiff has standing to pursue claims against a defendant under the laws of the forum state does not thereby confer standing to pursue claims under the laws of other jurisdictions in which he seeks to represent absent class members. *See, e.g.*, *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 267–68 (S.D. Fla. 2003) (finding that named plaintiffs, who were all Florida residents whose claims were governed by Florida law, lacked "standing to raise questions of state law for states other than Florida" and the court lacked "jurisdiction to evaluate the law of those other states"). Accordingly, "[w]here … a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal." *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) ("[T]he named Plaintiffs do not have standing to assert claims from states in which they do not reside or did not purchase their mobile device."); *Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014) ("[Plaintiff] suffered an alleged injury exclusively under Ohio law. Therefore, she does not have standing to assert unjust enrichment claims under the law(s) of any other state."); *Mollicone v. Universal Handicraft, Inc.*, No. 216CV07322CASMRWX, 2017 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017) (finding that "majority of courts … have concluded that when a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal" and collecting cases); *In re Apple & AT & TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1309 (N.D. Cal. 2008) (dismissing claims

based on consumer protection laws of every state from which no plaintiff was named); *In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.*, No. 12-169, 2013 WL 5503308, at *11 (D.N.J. Oct. 2, 2013) ("[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury."); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 157 (E.D. Pa. 2009) (dismissing out-of-state class members' claims where the complaint "provides no facts on which to find a connection between an alleged injury and some wrongful conduct that would implicate the laws of those states in which no plaintiff … resides"); *In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253425, at *1 (E.D. Pa. Aug. 3, 2007) ("[L]acking named representatives from Arizona, New Mexico, and South Dakota, Plaintiffs do not have standing to maintain a class action in those states.").

Here, Plaintiff alleges that he was injured in Florida and he asserts breach of warranty claims under Florida law. But Plaintiff also purports to assert a claim for violations of the MMWA on behalf of a putative nationwide class. Although the MMWA is a federal statute, Plaintiff's MMWA claims are governed by Florida law. *See Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1040 (N.D. Ga. 2004) ("[C]ourts should apply state law to written and implied warranty claims made under the [MMWA].") (citing *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986)). Because Plaintiff has not alleged that he personally suffered an injury under the law of any State other than Florida, Plaintiff lacks standing to sue under those States' laws. Accordingly, Plaintiff's putative nationwide class claims should be dismissed. *See, e.g.*, *In re Ford Tailgate Litig.*, 11-CV-2953-RS, 2014 U.S. Dist. LEXIS 32287, at *19 (N.D. Cal. Mar. 11, 2014) (dismissing MMWA claims as to those plaintiffs "who do not allege any breach of warranty claims under their respective state laws").

**B.** **The Court Lacks Personal Jurisdiction Over the Claims of the Non-Florida Absent Class Members.**

Plaintiff's putative nationwide class claims should also be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), because the Court lacks personal jurisdiction over the claims of the non-Florida members of the absent class. GM is not subject to general jurisdiction in Florida, as the Complaint correctly alleges that GM is a Delaware limited liability company with its principal place of business in Michigan. *See* Compl. ¶ 12; *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business.") (citing *Goodyear Dunlop*

*Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  Thus, personal jurisdiction exists over GM only to the extent that specific jurisdiction exists, *i.e.*, only to the extent that the claims asserted in this case "arise from or relate to" GM's contacts with Florida.  *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum.") (alterations, citation, and quotation marks omitted).

In the wake of *Bristol-Myers*, a number of district courts have held that a defendant cannot be compelled to defend nationwide claims in a forum where non-resident class members could not pursue their claims on an individual basis.  Thus, courts have dismissed putative nationwide class claims filed in states where the defendant is not subject to general jurisdiction, on the theory that specific jurisdiction is lacking over the claims of the non-resident class members, as such claims do not arise from or relate to the defendant's contacts with the forum state.  *See, e.g.*, *Howe v. Samsung Elecs. Am., Inc.*, No. 1:16CV386-RH/GRJ, 2018 WL 2212982, at *4 (N.D. Fla. Jan. 5, 2018) ("Rule 23 does not expand a court's personal jurisdiction over a defendant.  Absent a statute providing otherwise, a defendant who is not subject to personal jurisdiction on an individual claim also is not subject to jurisdiction on a class-action claim."); *Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 U.S. Dist. LEXIS 82642, at *32 (N.D. Ill. May 16, 2018) (concluding that "*Bristol-Myers* extends to class actions, and that [plaintiff] is therefore foreclosed from representing either a nationwide and multistate class comprising non-Illinois residents in this suit"); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 U.S. Dist. LEXIS 7947, at *6 (N.D. Ill. Jan. 18, 2018) ("The Court believes that it is more likely than not based on the Supreme Court's comments about federalism that the courts will apply *Bristol-Myers Squibb* to outlaw nationwide class actions in a forum, such as in this case, where there is no general jurisdiction over the Defendants."); *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 U.S. Dist. LEXIS 177892, at *11 (N.D. Ill. Oct. 26, 2017) (dismissing claims of non-Illinois class members for lack of personal jurisdiction); *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165-PHX-DLR, 2017 U.S. Dist. LEXIS 162812, at *12 n.4 (D. Ariz. Oct. 2, 2017) (noting in *dicta* that the court "lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class"); *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696, 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sept. 20, 2017) ("The constitutional requirements of due process does not wax and wane when the complaint is

individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case.").

GM acknowledges that this Court has taken a different view, concluding in a putative class action brought under the Telephone Consumer Protection Act that "*Bristol-Myers* does not bar claims of non-resident members of a putative class from asserting claims in federal court." *Lee v. Branch Banking & Trust Co.*, No. 18-21876-Civ-Scola, 2018 WL 5633995, at *6 (S.D. Fla. Oct. 31, 2018) (Scola, J.). Respectfully, GM submits that the better view is that the invocation of a rule of procedure like Rule 23 does not alter or lessen a defendant's due process rights. As one court has explained, the fact that a case is brought as a class action does not, and cannot, create personal jurisdiction where it would not otherwise exist:

> The Supreme Court has emphasized that "Rule 23's [class action] requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that the [federal court] rules of procedure 'shall not abridge, enlarge, or modify any substantive right.'" The Supreme Court held in *Bristol-Myers* that the Fourteenth Amendment's due process clause precludes nonresident plaintiffs injured outside the forum from aggregating their claims with an in-forum resident. Under the Rules Enabling Act, a defendant's due process interest should be the same in the class context.

*Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997)) (internal citations omitted); *see also* Fed. R. Civ. P. 82 (providing that the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts"). To conclude otherwise here would abridge GM's Due Process right "to structure [its] primary conduct with some minimum assurance as to where that conduct will and will not render [it] liable to suit," *Daimler*, 571 U.S. at 139 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)), in violation of the Rules Enabling Act.

Accordingly, for the reasons set forth above, the Court should dismiss the nationwide class claims asserted in the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Alternatively, to the extent this Court disagrees that *Bristol-Myers* applies to bar the claims of the non-Florida members of the putative class, GM respectfully submits that the Court should certify the question to the Eleventh Circuit for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See Molock v. Whole Foods Mkt. Grp.*, 317 F. Supp. 3d 1, 3 (D.D.C. 2018)

(certifying motion to dismiss order for interlocutory appeal "to allow the D.C. Circuit to weigh in on whether the jurisdictional limits proscribed [*sic*] in *Bristol-Myers Squibb* extend to unnamed, nonresident members of a putative nationwide class in federal court"), *interlocutory appeal granted sub nom. In re Whole Foods Mkt. Grp.*, No. 18-8006, 2018 U.S. App. LEXIS 28807, at *1 (D.C. Cir. Oct. 11, 2008). As noted above, this issue has divided district courts across the country and in this Circuit and is a threshold issue that should be decided at the outset of the litigation. *See, e.g., Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007); *Posner v. Essex Ins. Co.*, 178 F. 3d 1209, 1214 n.6 (11th Cir. 1999) (considering personal jurisdiction issue first because "[a] court without personal jurisdiction is powerless to take further action"); *Arbitrage Int'l Mtg., Inc. v. DeMaria*, No. 10-80399-CIV, 2010 WL 3941805, at *2 (S.D. Fla. Oct. 6, 2010) ("As a threshold matter, the Court must first determine whether personal jurisdiction exists."). Moreover, resolving whether Plaintiff may pursue class claims at this stage of the litigation significantly affects the scope of GM's potential liability and "may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Accordingly, certification of this issue for interlocutory appeal is warranted if the Court is not inclined to dismiss the nationwide class claims for lack of personal jurisdiction.

### C. Plaintiff Cannot Pursue a MMWA Claim on Behalf of a Class.

As noted above, the only claim Plaintiff asserts on behalf of a nationwide class is a claim for violation of the MMWA. The MMWA, however, expressly provides that "[n]o claim shall be cognizable in a suit brought [in federal court] … if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C). Plaintiff's attempt to bring a nationwide class action under the MMWA with only one named plaintiff fails to comply with this unambiguous requirement. This is yet another reason why Plaintiff's nationwide class claims should be dismissed. *See, e.g., Borchardt v. Mako Marine Int'l, Inc.*, No. 08-61199-CIV-MARRA, 2011 U.S. Dist. LEXIS 115867, at *6 (S.D. Fla. Oct. 6, 2011) ("[P]laintiffs clearly cannot maintain a class action directly under Magnuson-Moss because they cannot satisfy the requirements of subsection (3)(C) that the number of named plaintiffs equal or exceed one hundred."); *Floyd v. Am. Honda Motor Co.*, No. 2:17-cv-08744-SVW-AS, 2018 WL 6118582, at *3–4 (C.D. Cal. June 13, 2018) (dismissing MMWA claim in putative class action where Plaintiffs "failed to comply with the internal requirements of the [MMWA] because they failed to name one hundred plaintiffs"); *MacDougall v. Am. Honda Motor Co.*, [In Chambers]

Order Granting in Part the Motion to Dismiss, Case No. 8:17-cv-01079-AG-DFM, Dkt. 53, at pp. 7–8 (C.D. Cal. Dec. 4, 2017) (same).

## CONCLUSION

For the foregoing reasons, GM respectfully requests that the Court grant its motion to dismiss.

This 17th day of June, 2019.   Respectfully submitted,

*/s/ Ursula M. Henninger*
Ursula M. Henninger
Florida Bar No. 0801631
KING & SPALDING LLP
300 South Tryon Street
Suite 1700
Charlotte, NC 28202
Tel: (704) 503-2600
Fax: (704) 503-2622
uhenninger@kslaw.com

Harold E. Franklin, Jr.
Florida Bar No. 1006814
Stephen B. Devereaux
(to be admitted *pro hac vice*)
Susan M. Clare
(to be admitted *pro hac vice*)
Adam Reinke
(to be admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
hfranklin@kslaw.com
sdevereaux@kslaw.com
sclare@kslaw.com
areinke@kslaw.com

*Attorneys for Defendant*
*General Motors LLC*

19

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 17, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Ursula M. Henninger*
Ursula M. Henninger